## LIHME v. ANDERSON.

District Court, S. D. New York.
Nov. 17, 1936.

Barron, Rice & Rockmore, of New York City (Bernard S. Barron and George P. Halperin, both of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Clarence W. Roberts, Asst. U. S. Atty., of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The action is to recover an additional income tax payment of $4,586.64. In his income tax return for 1930 the plaintiff claimed as a deduction from gross income a loss of $28,719.30, incurred in the purchase and sale of a yacht. The Commissioner disallowed the deduction and compelled pay-

ment of an additional tax of $4,015.26 with interest, amounting altogether to the sum of $4,586.64. Claim for refund was denied, and the plaintiff brought this action. A jury was waived. The plaintiff's proposition is that the loss was one incurred "in any transaction entered into for profit, though not connected with the trade or business," and hence deductible from gross income under Revenue Act 1928, § 23(e), 26 U.S.C.A. § 23 note.

The yacht in question was a speed cruiser, of a type designed for the personal use and pleasure of the owner. The plaintiff was persuaded by a dealer to buy it in the fall of 1928. The purchase price was $76,969.30. The plaintiff was told that the price was low, that in all probability he could resell the yacht later at a profit of from $15,000 to $25,000. The plaintiff bought the cruiser with the idea of using it to travel to and fro between his office in New York and his summer home in Rhode Island, also with the idea of using it to entertain persons with whom he expected to discuss matters of business, also with the thought that he might resell later at a profit. He testified that he would not have bought but for the expectation that he could make a profit on resale.

The cruiser was delivered on July 3, 1929. The plaintiff used it during the balance of the season for trips between New York and Rhode Island and for pleasure, at an expense of $4,000 or $5,000. It was decommissioned in September, 1929. The plaintiff later engaged the dealer from whom he had purchased the cruiser to sell it or charter it. He testified that he engaged the dealer to resell at the time he purchased the yacht, but I am convinced that he is mistaken as to the time when he engaged the dealer's services. The plaintiff's statement in his claim for refund indicates that it was not until later that he arranged with the dealer to try to sell or charter the cruiser. A sale was arranged in April, 1930, for $48,250, resulting in a loss of $28,719.30. The financial crash in the fall of 1929 had thrown many such vessels on the market, and prices had fallen.

The burden is on the plaintiff to prove facts establishing the invalidity of the tax. United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347. It is for him to show that the transaction of purchase and sale of the cruiser was one "entered into for profit." I am of opinion that he has not shown it. It is common knowl-

edge that very few persons who buy boats designed for pleasure do so in order to make money. It is different with those who make their livelihood buying and selling such vessels. But with others the motive is not the profit motive; it is the pleasure they anticipate from use of the yacht.

The plaintiff purchased the cruiser for his personal use, to take trips back and forth to his business in New York, and to take pleasure cruises. He did not purchase primarily for investment or for speculation. He was not skilled in the values of cruisers. It may be that he would not have acquired the cruiser but for the lure of a price which he thought low, low enough that in the event of resale he might make some money. The money-making possibility, however, was not the prime thing. The transaction was not one entered into for profit, and the loss was not deductible. There will be a directed verdict for the defendant.